UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONTE THOMAS, # 397934,

        Petitioner,               Case Number: 1:17-cv-12895
                                                  Honorable Thomas L. Ludington

v.

ROBERT NAPEL,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S
MOTION TO HOLD HABEAS PETITION IN ABEYANCE**

Petitioner Donte Thomas, a Michigan state prisoner, was convicted of armed robbery, Mich. Comp. Laws § 750.529, possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, and felon in possession of a firearm, Mich. Comp. Laws § 750.224f. He is before this Court seeking a writ of habeas corpus under 28 U.S.C. § 2254, raising one ground for relief. (ECF # 1) He represents that he raised this claim on his direct appeal to the Michigan Court of Appeals and Michigan Supreme Court. (*See id.*) Thomas now seeks to hold the petition in abeyance to allow him to return to state court to exhaust three additional claims. (ECF # 8) For the reasons set forth, Thomas's motion will be denied.

**I**.

Thomas's convictions arise from the armed robbery of Robert Thomas (no relation to Petitioner) on July 1, 2013 in Detroit. Thomas was convicted by a jury in Wayne County

Circuit Court and, on January 29, 2014, sentenced to 12 to 30 years for the armed robbery conviction, 1 to 5 years for the felon-in-possession conviction, and 5 years for the felony-firearm conviction.

Thomas filed an appeal of right in the Michigan Court of Appeals. He raised two claims: (i) counsel was ineffective in failing to investigate an important defense regarding the general fallibility of eyewitness identification; and (ii) the trial court incorrectly assessed $600 in court costs. The Michigan Court of Appeals affirmed Johnson's convictions. *People v. Thomas*, No. 320405, 2015 WL 4635001 (Mich. Ct. App. Aug. 4, 2015). Thomas filed an application for leave to appeal to the Michigan Supreme Court. He raised the same ineffective assistance of counsel claim presented in the Michigan Court of Appeals and a new claim arguing he should be resentenced pursuant to *People v. Lockridge*, 498 Mich. 358 (2015). The Michigan Supreme Court remanded the case to the trial court to determine whether it would have imposed a materially different sentence under the sentencing procedure established in *Lockridge*, and, in all other respects, denied leave to appeal. *People v. Thomas*, 499 Mich. 964 (Mich. June 28, 2016).

On July 31, 2017, Thomas filed this habeas corpus petition. He raises one claim for relief – trial counsel was ineffective in failing to call an expert witness on the unreliability of eyewitness identifications. Thomas later filed this motion to hold his habeas petition in abeyance in order to allow him to exhaust additional claims in state court.

**II**.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a federal habeas petitioner to present all claims to the state courts before raising the claims in a habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). To satisfy this exhaustion requirement, a prisoner must "invok[e] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. In Michigan, a petitioner satisfies the exhaustion requirement by presenting claims to the Michigan Court of Appeals and Michigan Supreme Court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

### III.

Thomas has filed a motion to hold these proceedings in abeyance while he exhausts three additional claims not raised in the petition: (i) trial court failed to instruct the jury on a material issue and counsel was ineffective in failing to object; (ii) trial counsel was ineffective for failing to object to a witness testifying after violating a sequestration order, failing to object to the prosecution's failure to provide advance notice of character evidence, and failing to investigate and call an alibi witness; and (iii) appellate counsel was ineffective in failing to raise these claims on direct appeal.

A federal court may stay a federal habeas corpus proceeding pending resolution of unexhausted claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper

exercise of discretion.") (citations omitted).  But "a stay and abeyance should be available only in limited circumstances" because employing stay and abeyance too frequently "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277.  A stay may be appropriate where outright dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

Thomas will not be granted a stay because the three unexhausted claims are not pled in his current habeas petition. He presents only one claim in his habeas petition, specifically that trial counsel was ineffective in failing to call an expert witness on the unreliability of eyewitness identifications. This claim has been fully exhausted and is ripe for review as part of Thomas's habeas petition. Thomas never pled the other three claims in his habeas petition. Nor did he exhaust these three claims in the state court. If he wishes to later bring them in a habeas petition, he may seek leave to file a subsequent habeas petition from the Sixth Circuit. However, proceedings will not be stayed for his one ripe and fully exhausted claim so that he may pursue exhaustion of three claims that are not even present in the habeas petition. Thomas has not demonstrated "good cause" under *Rhines* and accordingly, his motion will be denied.

Should Petitioner wish to have his habeas petition dismissed so he may pursue additional, unexhausted claims not contained in his current habeas petition, he may move for a non-prejudicial dismissal of his petition within 30 days of the filing date of this order. If he does not do so, the petition will be considered as filed.

**IV.**

Accordingly, it is **ORDERED** that Petitioner's "Motion to Hold Habeas Petition in Abeyance," ECF No. 8, is **DENIED**.

Dated: November 1, 2019                    s/Thomas L. Ludington
                                           THOMAS L. LUDINGTON
                                           United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Donte Thomas** #397934, MARQUETTE BRANCH PRISON, 1960 U.S. HWY 41 SOUTH, MARQUETTE, MI 49855 by first class U.S. mail on November 1, 2019.

                              s/Kelly Winslow
                              KELLY WINSLOW, Case Manager